UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| ROSE M. HARDING-GUEST ) | No. 06 B 00683 |
| ) | |
| Debtor. ) | |

### MEMORANDUM OPINION ON
### MOTION OF DEBTOR FOR REDEMPTION

Debtor has moved under 11 U.S.C. § 722 and Rule 6008 Fed.R.Bankr.P. to redeem her 2003 Mercury Marquis vehicle for its value asserted to be $9,900. The motion is unopposed. The motion does not specify the source of funds, but her counsel acknowledged that (a) the money is to be borrowed and (b) more than the $9,900 will be borrowed in order to cover a fee to Debtor's counsel to do work on this matter. Upon learning that, the Court continued the motion to April 10, 2006, with instructions to counsel to apply for permission to borrow the money and receive the desired fee out of the loan. Counsel has objected to that requirement, arguing that there is no authority for it.

We are aware in this District of the practice of counsel for Debtors arranging a loan to cover both an auto redemption and their fee for related work. Because such fees have sometimes appeared excessive for the work, judges have inquired into the practice and reviewed the reasonableness of the fees sought. Occasionally fees in this situation have been reduced. To do such review, an application is required so as to learn the amount to be borrowed and the amount of excess over redemption amount that will be the source of fee. The instant motion does not give that information.

Since counsel questions this Court's authority to compel disclosure of the loan amount and fee to be sought, some comment is appropriate.

Bankruptcy counsel are required to disclose to the court fees sought from their clients, and failure to do so may be a ground for barring such a fee or compelling disgorgement of a fee that is paid. Title 11 U.S.C. § 329(a). See In re Griffin, 313 B.R. 757, at 763-4 (Bank. N.D. Ill., 2004). Failure to disclose here would be grounds for barring the fee entirely. This and other counsel who do not permit scrutiny of the fee by failing to disclose the information now ordered are tempting fate. There would be poetic justice in applying that principle here for an attorney who denies this Court's authority to inquire, but this time that temptation is resisted.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 3 day of April 2006.